W. T. Woodbridge & Co., Demandante y Apelada, *v.* Díaz, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de honorarios.

No. 2163.—Resuelto en julio 30, 1920.

Arrendamiento de Servicios Profesionales—Precio Razonable de los Servicios—Alegación Suficiente—Especificación de Particulares.—Una demanda en cobro de servicios profesionales en la cual no se alega que el precio fuera preconvenido pero en la cual el demandante fijó el importe de sus servicios profesionales en cierta suma con especificación de partidas, cuya suma alegó que le era debida, no es fatalmente defectuosa porque no exprese que lo reclamado es el valor razonable de los servicios, pues de no ser razonable no le sería debido. Si el precio no era razonable el demandado pudo alegarlo como materia de defensa, y también pudo pedir mayor especificación de las partidas de la cuenta.

Id.—Sentencia en Rebeldía—Contrato Sobre Pago de Dinero.—En el presente caso en el cual se impugna la sentencia dictada en rebeldía por el secretario

por no haberse practicado prueba sobre la cuenta en consonancia con el número 2°. del artículo 194 del Código de Enjuiciamiento Civil, no es de aplicación el precepto invocado, sino el contenido en el No. 1°. de dicho artículo, por tratarse de reclamación de dinero originada por un contrato de arrendamiento de servicios profesionales que no dejó de ser contrato porque no hubiera precio convenido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Llorens Torres.*

Abogados de la apelada: *Sres. Huyke & Quiñones* y *C. V. Urrutia.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 28 de noviembre de 1918 la sociedad profesional "W. T. Woodbridge & Company" presentó demanda ante la Corte de Distrito de San Juan, Sección Primera, contra José Agustín Díaz, reclamándole la suma de $798.53 en concepto de honorarios por servicios profesionales que le había prestado. El demandado compareció y excepcionó la demanda por la razón de no aducir hechos suficientes para determinar una causa de acción. La corte desestimó dicha excepción previa y concedió diez días al demandado para contestar. El demandado no contestó, y entonces el secretario de dicha corte, a instancia de la demandante, anotó la rebeldía del demandado y registró contra este en 18 de noviembre de 1919 una sentencia a favor de la demandante por la cantidad reclamada y las costas. Esa sentencia ha sido apelada por el demandado, quien alega como primer motivo del recurso que la corte cometió error al desestimar la excepción previa, pues si bien en la demanda se consigna que la demandante es una sociedad profesional, no se expresa qué clase de profesión ejerce, y en cuanto a los servicios cuyo pago se reclama, si no son profesionales falta la alegación del precio que es esencial al contrato de arrendamiento de servicios según el artículo 1447 del Código Civil, y si son profesionales falta la alegación del valor razonable de ellos, que exige el artículo 1486 del mismo código, según quedó enmendado por la ley de 24 de febrero de 1906.

La demanda enmendada dice textualmente así:

"*Primero:* Que la demandante es una sociedad profesional de-
bidamente constituída, con óficinas en San Juan, y el demandado
es mayor de edad, propietario y vecino de Humacao.

"*Segundo:* Que la sociedad demandante ha prestado a don José
Agustín Díaz servicios profesionales rendidos en un examen de la
contabilidad y papeles de la 'Arkadia Sugar Co.,' y la contabilidad
y papeles de la sociedad 'Díaz y Aboy,' tocante a varias operaciones
de los años 1911 a 1916, inclusives; y varias consultas con los se-
ñores Díaz, Aboy y Acuña y la preparación de varios extractos de
cuentas, notas, etcétera, según lo pedido por el señor Díaz.

"*Tercero:* Que la sociedad demandante al prestar estos servicios
profesionales ha invertido un crecido número de días, que con los
honorarios correspondientes a ellos se especifican así:

"Diez y siete días y medio, que a veinticinco dollars por día
hacen cuatrocientos treinta y siete dollars cincuenta centavos. Este
tiempo fué invertido por el señor Woodbridge y contadores peritos.
Y veintitres días y medio a quince dollars por día hacen trescientos
cincuenta y dos dollars cincuenta centavos: Tiempo invertido por
contadores ayudantes. Tiempo de taquígrafa: ocho horas a un
dollar la hora, hacen ocho dollars; más un telefonema en agosto
diez y seis del corriente que costó cincuenta y tres centavos. Que
estas cantidades hacen un total de setecientos noventa y ocho dollars
y cincuenta y tres centavos, que el demandado adeuda a la sociedad
demandante.

"*Cuarta:* Que la sociedad demandante ha requerido al deudor
demandado para que le pague esta suma de setecientos noventa y ocho
dollars y cincuenta y tres centavos, que el demandado no ha pagado
ni en todo ni en parte, a pesar de los requerimientos hechos.

"Por lo cual, la demandante a la honorable corte suplica: Que
en su día y previos los trámites de ley dicte sentencia condenando
al demandado a pagar a la sociedad demandante, por concepto de
honorarios profesionales, la suma de setecientos noventa y ocho
dollars cincuenta y tres centavos, más las costas, gastos y honora-
rios de abogados originados por este procedimiento."

Las alegaciones transcritas, que debemos aceptar como
ciertas para los efectos de la excepción previa alegada, mues-
tran que la demandante es una sociedad profesional que prestó
servicios profesionales de contabilidad al demandado sin

precio cierto convenido, pero cuyos servicios según la especificación que de ellos se hace en la demanda montan o valen $798.53 que el demandado adeuda a la sociedad demandante. Tratándose como se trata de servicios profesionales no era necesario que fuera convenido el precio cierto de ellos pues el artículo 1486 del Código Civil, según quedó enmendado por la ley de 24 de febrero de 1906, y que es el aplicable al caso, establece que "en cuanto a los servicios profesionales, se estará, para la remuneración de los mismos, a lo convenido entre las partes; y cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración podrá reclamar y obtener en juicio de la otra parte, ante cualquier corte de jurisdicción competente, el importe razonable de dichos servicios." Como se vé, a falta de convenio la remuneración de los servicios profesionales consistirá en el importe razonable de los mismos. La demandante fijó el importe de sus servicios profesionales en la suma de $798.53 con especificación de partidas, y en su alegación de que el demandado le adeudaba esa suma está comprendida la de que era razonable, pues de no ser razonable no le era debida. Al considerar una alegación para determinar sus efectos, deberá interpretarse con liberalidad a fin de asegurar absoluta justicia entre las partes. Artículo 122 del Código de Enjuiciamiento Civil. Y de todos modos, según el artículo 142 "en cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

La alegación de que el precio reclamado por los servicios no era razonable, podía ser materia de defensa por parte del demandado, el cual también pudo pedir si lo creía necesario, mayor especificación de las partidas de la cuenta de honorarios, ejercitando el derecho que le reconoce el artículo 124 del código citado.

Las alegaciones de la demanda son bastantes para determinar una causa de acción.

Otro error invoca el apelante para sostener el recurso, y consiste en haberse dictado sentencia en rebeldía en contra de lo dispuesto en el artículo 192, (debe ser 194), párrafo 2°., del Código de Enjuiciamiento Civil, preceptivo de que "si la rendición de una cuenta o la prueba de algún hecho fuere necesaria para fundamentar el fallo de la corte, o dar cumplimiento al mismo, la corte podrá admitir la cuenta, u oir la prueba, o a su discreción, disponer el informe previo de peritos. * * * " No es el número 2°. del artículo 194 del Código de Enjuiciamiento Civil el que gobierna el pronunciamiento de la sentencia en el presente caso, sino el No. 1 del mismo artículo, por tratarse de la reclamación de dinero originada por un contrato de arrendamiento de servicios que no dejó de ser contrato porque no hubiera precio convenido.

La sentencia fué dictada dentro de la facultad que concede la ley al secretario de una corte de distrito, contra cuyo ejercicio por el Secretario de la Corte de Distrito de San Juan no ha hecho el apelante impugnación alguna.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.